## H.E.P. DEVELOPMENT GROUP, INC.

### v.

### Mark R. NELSON, et al.

Supreme Judicial Court of Maine.

Submitted on Briefs March 6, 1992.

Decided April 8, 1992.

Anthony K. Ferguson, Fales & Fales, Lewiston, for plaintiff.

Peter B. Dublin, Ronald P. Lebel, Rocheleau, Fournier & Lebel, Lewiston, for defendants.

Before ROBERTS, WATHEN, GLASSMAN, CLIFFORD and COLLINS, JJ.

CLIFFORD, Justice.

Plaintiff H.E.P. Development Group, Inc. (HEP) appeals from summary judgment entered in the Superior Court (Androscoggin County, *Alexander, J.*) in favor of defendants Mark and Susan Nelson. HEP contends that the court's judgment was the equivalent of a dismissal for failure to state a claim, and was erroneous because the complaint alleged facts sufficient to resist a summary judgment motion. We conclude that the court properly treated the motion as one for summary judgment and committed no error in granting the motion.

In December 1987, the Nelsons sold approximately 114 acres of their farm in Turner to HEP. The Nelsons were aware that HEP intended to subdivide the land and sell residential lots. HEP subsequently discovered that the land across the road from the land they purchased had been contaminated ten years earlier by a leaking underground gasoline storage tank located on that neighboring property. HEP then drilled a single test well on the portion of its land that lay directly opposite the previously contaminated property. The Maine Department of Environmental Protection tested the water from that well and found that the level of hydrocarbon contamination made it unsafe for human consumption.[1] HEP halted its plans for development[2] and brought suit against the Nelsons, alleging that the Nelsons were liable to it for intentionally failing to disclose the existence of the contamination.[3] Following

---

1. HEP received $96,400 in damages for the contamination from the Ground Water Oil Clean-up Fund. *See* 38 M.R.S.A. § 569(2–A) (Supp.1991).

2. HEP sold portions of the property but has been unable to sell the remaining seventy acres.

3. HEP also brought counts alleging intentional misrepresentation, negligent misrepresentation, and innocent misrepresentation. Those counts have since been dismissed.

the granting of the Nelson's motion for summary judgment, HEP appealed to this court.

HEP first contends that the Superior Court's entry of summary judgment on its claim of intentional nondisclosure was equivalent to a dismissal under M.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted, and thus was improper. The record makes clear, however, that the court considered not only the allegations in the complaint but also the affidavits and the discovery that had been conducted by the parties, and on that basis concluded that there was no genuine issue of material fact and that summary judgment was appropriate. *See* M.R.Civ.P. 56(c).

 In reviewing an entry of a summary judgment, we examine the evidence before the court in the light most favorable to the party against whom the judgment has been granted to determine if the trial court committed an error of law. *F.O. Bailey Co., Inc. v. Ledgewood, Inc.*, 603 A.2d 466, 468 (Me.1992). In order for HEP to prevail on its claim of intentional nondisclosure, it would have to present evidence that the Nelsons knew that their property was contaminated with gasoline and that (1) they actively concealed that fact from HEP, or (2)(a) a special relationship existed between the Nelsons and HEP imposing on the Nelsons a duty to disclose, and (b) they failed to make the disclosure. *See Stevens v. Bouchard*, 532 A.2d 1028, 1030 (Me. 1987); *Eaton v. Sontag*, 387 A.2d 33, 38 (Me.1978); *see also* 37 Am.Jur.2d *Fraud & Deceit* § 145 (1968). HEP has failed to demonstrate the presence of either of these factors in this case. When the plaintiff has the burden to prove an essential element at trial, as did HEP in this case, and it is clear that the defendant would have been entitled to a directed verdict at trial if the plaintiff presented nothing more than was before the court at the hearing on the motion for summary judgment, then the defendant is entitled to summary judgment. *Bailey v. Gulliver*, 583 A.2d 699, 700 (Me.1990).

The Nelsons, in an affidavit filed in support of their motion for summary judgment, denied any knowledge of the contamination of their own or their neighbor's groundwater. The neighbor testified at his deposition only that he assumed the Nelsons knew his land was contaminated, but could not remember ever telling them. The neighbor also testified that not even he had known that the contamination had spread to the Nelson's land. Therefore, there is no evidence beyond mere speculation that the Nelsons knew of any contamination on their property. If the Nelsons did not know of the contamination, then they certainly could not intentionally fail to disclose that fact let alone actively conceal it. Summary judgment was properly entered.

The entry is:

Judgment affirmed.

All concurring.