**GERRITY COMPANY, INC.**

v.

**LAKE ARROWHEAD CORP., et al.**

Supreme Judicial Court of Maine.

Submitted on Briefs April 27, 1992.

Decided June 16, 1992.

Christopher H. Roney, William K. McKinley, Richardson & Troubh, Portland, for plaintiff.

Michael D. Cooper, Desmond, Cooper, Manderson & Millett, Westbrook, for defendants.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD and COLLINS, JJ.

COLLINS, Justice.

Lake Arrowhead Corp., *et al.* appeal from a Superior Court order (York County, *Brodrick, J.*), granting Gerrity Company, Inc. summary judgment on its claim of nonpayment for the delivery of certain building supplies. Lake Arrowhead contends: 1) that Gerrity waived certain procedural arguments by failing to cross appeal; and 2) that the pleading and affidavits before the court raised genuine issues of material fact and that therefore Gerrity was not entitled to a summary judgment. We disagree and affirm.

Lake Arrowhead Corp. was formed in 1987 as vehicle for the purchase and sale of real property and construction. It applied to Gerrity, a building supply store, for a credit account. Under the credit application, Lake Arrowhead agreed to pay invoices according to terms, to pay interest on any unpaid balance for the preceding month and to pay all costs should the ac-

count be turned over to an attorney for collection.

Michael Cooper, Lake Arrowhead's president (also a defendant) and Richard How, one of Lake Arrowhead's corporate officers, executed a written guarantee in conjunction with the credit application. They agreed, jointly and severally, to personally guarantee all sums owed to Gerrity by Lake Arrowhead and waived all suretyship defenses. The guarantee could only be terminated by written notice sent by registered mail. A termination of the guarantee was to have no impact on liability for accounts in existence prior to receipt of such notice.

Over a number of years, Gerrity delivered approximately $40,000 worth of building materials to Lake Arrowhead. These materials were never paid for. An additional $22,000 in service charges are now due on Lake Arrowhead's account. Lake Arrowhead never contested the amount due under, or validity of, the invoices in question until Gerrity instituted this action.

Gerrity filed suit against Lake Arrowhead, Lake Arrowhead Realty Trust (a trust created by the principals of Lake Arrowhead, Inc., the beneficiary of which is Lake Arrowhead, Inc.), Cooper and How. How was dismissed from the suit because Gerrity was unable to serve him notice of the complaint. Lake Arrowhead answered and alleged that Cooper had terminated his personal guarantee, that Gerrity negligently delivered goods to persons unauthorized to accept delivery on behalf of Lake Arrowhead, and that Gerrity breached its agreement with Lake Arrowhead by delivering the goods without the receipt of a required purchase order.

Gerrity moved for summary judgment and Lake Arrowhead filed a motion in opposition. Lake Arrowhead failed to include with its motion in opposition to summary judgment, a counter statement of material fact as required by M.R.Civ.P. 7(d)(2), but did attach an affidavit by Cooper. Gerrity filed a reply memorandum, arguing that because of Lake Arrowhead's failure to comply with procedure, all facts alleged in Gerrity's statement of material facts

should be deemed admitted. Included was an affidavit alleging that there was never any purchase order requirement and that Lake Arrowhead had ordered all the goods in question. Also included were copies of all the invoices. Lake Arrowhead did not respond to the reply memorandum and attached affidavit.

A hearing was held on Gerrity's motion for summary judgment and, after no one appeared on behalf of Lake Arrowhead to contest the motion, the court signed the order proposed by Gerrity granting the motion. This appeal followed.

### I.

■ Lake Arrowhead maintains that Gerrity has waived its procedural arguments by failing to cross appeal. Lake Arrowhead's argument is unpersuasive for several reasons. Most importantly, the court order does not imply that the court ruled against Gerrity on those issues. In its order, the court stated that "after hearing, and on the affidavits, the [c]ourt finds that there is no genuine issue as to any material fact...." There is no support in the wording of the order for Lake Arrowhead's contention that the court, in granting Gerrity's motion for summary judgment, rejected Gerrity's Rule 7(c) or Rule 7(d)(2) argument. Therefore, Gerrity's procedural arguments are not waived for failure to cross appeal because they may very well have been accepted by the Superior Court and even if they were not, they provide an alternative argument for reaching the same result and therefore need not have been the subject of a cross appeal. *See Hartford Fire Ins. Co. v. Merrimack Mutual Fire Ins. Co.*, 457 A.2d 410, 415 (Me.1983).

### II.

■ As to Gerrity's second procedural argument, Gerrity claims that because Lake Arrowhead failed to include a counter statement of material facts with its motion in opposition to summary judgment, all facts alleged in Gerrity's statement of ma-

terial facts must be deemed admitted. M.R.Civ.P. 7(d)(2) provides that:

> The party opposing a motion for summary judgment shall file with the material required to be filed by subdivision (c) of this rule [a memorandum in opposition and supporting affidavits] a separate, short and concise statement of the material facts, supported by appropriate record references, as to which it is contended that there exists a genuine issue to be tried. All material facts set forth in the statement required to be served by the moving party, if supported by appropriate record references, will be deemed to be admitted unless properly controverted by the statement required to be served by the opposing party.

M.R.Civ.P. 7(d)(2). The rule is intended to compel parties to frame their arguments in favor of, or in opposition to, a summary judgment narrowly and enable the court to determine whether any genuine issues of material fact exist without having to engage in an exhaustive review of the record.

> The court's decision under Rule 56(c) is now closely tied to the requirement of the new Rule 7(d) that the parties file statements of material fact with or in opposition to a summary judgment motion. In ruling on the motion, the court is to consider only the portions of the record referred to, and the material facts set forth, in the Rule 7(d) statements.

M.R.Civ.P. 56(c) advisory committee's note to 1990 amend., Me.Rptr., 563–575 A.2d LXXIII. The court's focus is directed to those portions of the record that are at issue and it need not search the record to see if there is any support for unreferenced allegations or general denials.

Lake Arrowhead argues that no purpose is served by a strict construction of the rule in this particular case. It contends that because the record was not extensive, Lake Arrowhead's failure to include a short statement of material fact did not significantly inconvenience the court. Essentially, Lake Arrowhead contends that the rule should be interpreted as requiring a Rule 7(d)(2) statement only when failure to do so results in an undefined level of inconvenience to the reviewing court.

Rule 7(d)(2) must be construed to provide for "just, speedy and inexpensive determination of every action." M.R.Civ.P. 1. Accepting Lake Arrowhead's argument will result in case by case review of every action in which a party fails to file a Rule 7(d)(2) statement. The plain language of the rule will not permit such a construction.

Lake Arrowhead never filed a Rule 7(d)(2) short statement of material fact. All it filed was a brief memorandum in opposition and Cooper's affidavit. The requirements of Rule 7(d)(2) are easily understood and not overly burdensome. The rule had been in effect for over a year when Lake Arrowhead filed its motion in opposition and Lake Arrowhead was obligated to comply with its requirements.

According to the plain language of Rule 7(d)(2), because Lake Arrowhead failed to file a Rule 7(d)(2) statement all the facts alleged by Gerrity in its statement of material facts must be deemed admitted. Once the facts alleged in Gerrity's statement are deemed admitted, the record supports the Superior Court's finding that there were no genuine issues of material fact. Therefore the court did not err when it granted Gerrity's motion for summary judgment.

The entry is:

Judgment affirmed.

ROBERTS and GLASSMAN, JJ., concurring.

WATHEN, Chief Justice, with whom CLIFFORD, Justice, joins, concurring.

I concur in affirming the judgment, but I do not join in relying on a strict application of Rule 7(d)(2). Ordinarily when the record consists of nothing more than a motion in opposition to summary judgment and an attached affidavit, I would be inclined to temper the harsh result suggested by Rule 7(d)(2) for defendant's failure to file a counter statement of material facts. Under such circumstances the missing statement would tell the reader nothing more than to

look at the affidavit. In the present case, however, defense counsel not only failed to file the statement but also failed to appear and argue at the hearing held on the motion for summary judgment. Under such circumstances, I find that the Superior Court committed no error in accepting the facts set forth in plaintiff's statement.