Richard M. DUBE

v.

HOMEOWNERS ASSISTANCE CORPORATION.

Supreme Judicial Court of Maine.

Argued June 17, 1993.

Decided July 28, 1993.

Benjamin P. Townsend (orally), Daniel J. Stevens, Pierce, Atwood, Scribner, Allen Smith & Lancaster, Augusta, for plaintiff.

Paul F. Macri (orally), Berman & Simmons, P.A., Lewiston, for defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, COLLINS, RUDMAN and DANA, JJ.

COLLINS, Justice.

Richard M. Dube appeals from a summary judgment entered in favor of Homeowners Assistance Corporation (Homeowners) in the Superior Court (Androscoggin County, *Alexander, J.*) on Dube's claims of negligence, breach of contract, and promissory estoppel arising out of Homeowners' failure to procure credit life and disability insurance in connection with his mortgage as allegedly promised by Homeowners' employee. Because we conclude that a summary judgment was inappropriate in the circumstances of this case, we vacate the judgment.

Dube alleges the following facts. On January 17, 1989, Dube and his wife, Patricia, signed a purchase and sale agreement to buy a new home in Turner. The agreement was contingent on, among other things, the Dubes' ability to secure satisfactory financing for the purchase.

On January 21, 1989, the Dubes met with Debbie Bodwell, a Homeowners' loan officer and filled out a loan application. Richard told Bodwell that he wanted credit life and disability insurance in connection with the financing of the Turner home.[1] Bod-

---

1. Credit life and disability insurance is insurance that satisfies a specific debt, here the mortgage, in the event of the death or disability of one of the debtors.

well told Dube not to worry and assured him that the credit life and disability insurance would be taken care of at the time of closing. When Dube asked a second time, Bodwell asked Patricia if her husband always worried so much, and once again assured him that it would be taken care of at the closing. Bodwell noted that she and her husband had credit life and disability insurance separate from their mortgage. Dube replied that he wanted the insurance included in his mortgage. In reliance on Bodwell's representations, the Dubes did not seek financing from another company that offered credit life and disability insurance, nor did they arrange to secure such insurance on their own.

The closing was held March 3, 1989, and was conducted for Homeowners by Northeast Land Title. At the closing, the Dubes were asked to sign numerous documents, and they signed them.

On July 23, 1989, Patricia died unexpectedly. Following her death, Richard learned that the credit life and disability insurance had never been procured. When Dube discussed the lack of insurance with Bodwell, she told him that the insurance should have been in place, that it should have been arranged at the closing, and that she felt "really bad" about the failure to obtain insurance.

Dube instituted this action by a complaint alleging causes of action for a breach of contract, negligent failure to procure insurance, and promissory estoppel. In its amended answer to the complaint, Homeowners disclaimed any obligation to secure credit life and disability insurance for the Dubes, and denied that Bodwell had given the Dubes any assurances relating to credit life and disability insurance. Homeowners submitted other materials wherein Bodwell denied that the Dubes ever asked about credit life and disability insurance or that she had ever made any representations to them that it would be secured by or through Homeowners. Bodwell's deposition testimony likewise contradicts Dube's contentions regarding the insurance aspects of the transaction.

Homeowners moved for a summary judgment arguing that the breach of contract claim was barred by the statute of frauds and by lack of consideration; that Homeowners had no duty to the Dubes to secure insurance that was sufficient to support a negligence claim; and that Dube's promissory estoppel claim was barred because Dube's reliance on Bodwell's representation that Homeowners would secure insurance was unjustifiable as a matter of law.

The court granted a summary judgment to Homeowners. The court's decision recited that the contract claim was barred by the statute of frauds and by lack of consideration, that "defendant owed no duty to plaintiff to procure credit life insurance," and that Dube "could not justifiably have relied, as a matter of law" on the representations of a Homeowners employee that Homeowners would secure credit life and disability insurance. Dube filed this timely appeal.

■ Summary judgment is appropriate if "there is no genuine issue as to any material fact" and the moving party "is entitled to a judgment as a matter of law." M.R.Civ.P. 56(c). We review the evidence before the Court in the light most favorable to the party against whom the judgment was granted to determine if the trial court committed an error of law. *See, e.g., Gray v. State,* 624 A.2d 479, 483 (Me.1993); *Guiggey v. Bombardier,* 615 A.2d 1169, 1171 (Me.1992); *H.E.P. Dev. Group, Inc.,* 606 A.2d 774, 775 (Me.1992). "Summary judgment in a defendant's favor is proper when the plaintiff has the burden of proof on an essential element at trial and it is clear that the defendant would have been entitled to a directed verdict at trial if the plaintiff presented no more evidence than was before the court at the hearing on the motion for summary judgment." *Guiggey,* 615 A.2d at 1171 (citing *H.E.P. Dev. Group, Inc.,* 606 A.2d at 775).

■ Our review of the record reveals, among others, a genuine issue of material fact as to the existence and nature of the conversation that allegedly occurred between the Dubes and Bodwell, as Homeowners' agent, concerning credit life and

disability insurance. Moreover, contrary to Homeowners' contentions, when the facts are viewed in the light most favorable to Dube, Homeowners is not entitled to a judgment as a matter of law. *See Guiggey,* 615 A.2d at 1171; *H.E.P. Dev. Group, Inc.,* 606 A.2d 775. *See also Burgess v. Charlottesville Savings and Loan Ass'n,* 477 F.2d 40, 44–45 (4th Cir.1973) (language used in forms designed to comply with the Federal Truth in Lending laws is largely irrelevant; whether language used by the defendant was sufficient to create a contractual right as a matter of state law is at issue); *Miller v. Liberty Ins. Co.,* 161 Me. 438, 213 A.2d 831 (1965) (recognizing the validity of an oral executory contract to insure when the insured had received neither written policy nor demand for payment); 72 Am.Jur.2d *Statute of Frauds* § 79 at 632 (collateral or independent undertakings outside of provisions regarding the sale or transfer of land); John D. Calamari & Joseph M. Perillo, *Contracts* § 19–9, at 790–91 (3d ed. 1987) (contracts of credit insurance can be properly viewed as contracts of indemnity that by the great weight of authority are outside the statute of frauds); *Roberts v. Maine Bonding & Cas. Co.,* 404 A.2d 238, 241 (Me.1979) (verbal assurances may be sufficient to raise a jury issue as to estoppel despite a writing to the contrary); *Lindsey v. Mitchell,* 544 A.2d 1298 (Me.1988) (recognizing claim for negligence where agents failed to procure requested insurance and repeatedly assured plaintiff that such insurance was in place).

The entry is:

Judgment vacated.

All concurring.