ASEPTIC PACKAGING COUNCIL, et al.

v.

STATE of Maine.

Supreme Judicial Court of Maine.

Argued Sept. 10, 1993.

Decided Feb. 17, 1994.

---

Joseph Ferraro (orally), Shea & Gould, New York City, John M.R. Paterson, Bernstein, Shur, Sawyer & Nelson, Robert E. Mittel, Mittel, Asen, Eggert, Hunter & Altshuler, Portland, for plaintiffs.

Lucinda White (orally), Asst. Atty. Gen., Augusta, for defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, COLLINS and RUDMAN, JJ. ·

COLLINS, Justice.

Aseptic Packaging Council and Tetra Pak, Inc. (collectively, the "Council") appeal from entry of a summary judgment in the Superior Court (Kennebec County, *Alexander, J.*) in favor of the State of Maine. The Council's complaint asserted that 32 M.R.S.A. § 1868(4) (Supp.1992), which bans the sale of aseptic beverage containers, violates the Equal Protection and Due Process Clauses of the U.S. and Maine Constitutions, violates the Commerce· Clause of the U.S. Constitution, and violates 42 U.S.C. § 1983 (1988). The Council argues that the trial court committed an error of law by granting the State's motion for a summary judgment. We affirm the judgment of the trial court.

In 1989, the Maine Legislature amended the "bottle bill," 32 M.R.S.A. §§ 1861–73 (1988 & Supp.1992), to provide:

No beverage may be sold or offered for sale to consumers in this State: ... **Aseptic and composite material beverage containers.** In a container composed, in whole or in part, of aluminum and plastic or of aluminum and paper in combination where those materials are for practical reasons inseparable. No milk or dairy-derived products in liquid form to which additional flavoring ingredients have been added may be sold in containers prohibited under this subsection.

32 M.R.S.A. § 1868(4) (Supp.1992).[1] This amendment was part of a scheme that added juice containers to the deposit and redemption system. The statement of facts that accompanied the amendment asserted that "aseptic packages, ... because of the wide variety of materials used in their construction, are unrecyclable." Comm.Amend. A to L.D. 1931, No. H–640 (114th Legis.1989).

The Council filed a complaint against the State asserting that 32 M.R.S.A. § 1868(4) violates the Equal Protection and Due Process Clauses of the U.S. and Maine Constitutions, the Commerce Clause of the U.S. Constitution, and 42 U.S.C. § 1983. In opposition to the State's motion for a summary judgment, the Council submitted seven affidavits demonstrating that "aseptic packages were actually being collected and recycled together with gable top cartons in more than 1000 school programs in 15 states, and in curbside programs serving more than 850,000 households in six states, including 270,000 households in western Massachusetts." The trial court granted the State's motion for a summary judgment in a written opinion. The Council filed a timely appeal.

### Standards

Summary judgment is appropriate if "there is no genuine issue as to any material fact" and the moving party "is entitled to a judgment as a matter of law." ... We review the evidence before the Court in the light most favorable to the party against whom the judgment was granted to determine if the trial court committed an error of law. "Summary judgment in a defendant's favor is proper when the plaintiff has the burden of proof on an essential element at trial and it is clear that the defendant would have been entitled to a directed verdict at trial if the plaintiff presented no more evidence than was before the court at the hearing on the motion for summary judgment."

*Dube v. Homeowners Assistance Corp.*, 628 A.2d 1040, 1041 (Me.1993) (citations omitted).

"All legislative enactments are presumed constitutional, and the party challenging the constitutionality of a statute bears the burden of proof. This presumption, however, is not absolute; legislation which violates an express mandate of the constitution is invalid even though it is expedient or is otherwise in the public interest." *Maine Beer & Wine Wholesalers v. State*, 619 A.2d 94, 97 (Me. 1993) (citations omitted); *e.g., Spiller v. State*, 627 A.2d 513, 515 (Me.1993). "... [S]tatutes ... will be construed, where possible, to preserve their constitutionality [and the] ... party attacking the constitutionality of a state statute ... carries a heavy burden of persuasion." *Maine Milk Producers v. Com'r. of Agriculture*, 483 A.2d 1213, 1218 (Me.1984) (citations omitted); *see Eastler v. State Tax Assessor*, 499 A.2d 921, 925 (Me. 1985). A statute's unconstitutionality "must be established to such a degree of certainty as to leave no room for reasonable doubt." *Orono–Veazie Water Dist. v. Penobscot Cty. Water Co.*, 348 A.2d 249, 253 (Me.1975); *e.g., Small v. Gartley*, 363 A.2d 724, 732 (Me. 1976).

### Equal Protection

■ Section 1868(4) involves neither a fundamental right nor a suspect class. Thus, it will survive an equal protection challenge if its classifications are rationally related to some legitimate governmental purpose. "A party alleging that a legislative classification violates equal protection 'must show "by clear and irrefutable evidence its arbitrariness and irrationally discriminatory nature."'" *State v. Eaton*, 577 A.2d 1162, 1166 (Me.1990) (citations omitted); *e.g., State v. Chapin*, 610 A.2d 259, 261 (Me.1992).

■ The legislative statement of fact which accompanied 32 M.R.S.A. § 1868(4) stated that "aseptic packages, ... because of the wide variety of materials used in their construction, are unrecyclable." However, the rationality of a statute is not determined solely by looking to the legislative statement of fact. Instead, we consider whether any conceivable state of facts either known, or which can reasonably be assumed, supports the legislative action. *F.C.C. v. Beach Communications, Inc.*, —— U.S. ——, ————

---

1. The quoted version of § 1868(4) is the current version. The version that was adopted in 1989 was amended, in part, in 1990 to reach the current version.

——, 113 S.Ct. 2096, 2101–02, 124 L.Ed.2d 211 (1993); *National Hearing Aid Centers, Inc. v. Smith*, 376 A.2d 456, 460 (Me.1977); *see State v. Rush*, 324 A.2d 748, 753 (Me. 1974). The State has no burden to come forward with such "conceivable state of facts," but rather, it is the contestant who retains the burden of proving that no conceivable state of facts exists. *F.C.C.*, —— U.S. at —— – ——, 113 S.Ct. at 2101–02; *National Hearing Aid Centers*, 376 A.2d at 460.

The U.S. Supreme Court has recently stated:

On rational-basis review, a classification in a statute . . . comes to us bearing a strong presumption of validity, and those attacking the rationality of the legislative classification have the burden "to negative every conceivable basis which might support it[.]" Moreover, because we never require a legislature to articulate its reasons for enacting a statute, it is entirely irrelevant for constitutional purposes whether the conceived reason for the challenged distinction actually motivated the legislature. Thus, the absence of " 'legislative facts' " explaining the distinction "[o]n the record," has no significance in rational-basis analysis. In other words, a legislative choice is not subject to courtroom fact-finding and may be based on rational speculation unsupported by evidence or empirical data. " 'Only by faithful adherence to this guiding principle of judicial review of legislation is it possible to preserve to the legislative branch its rightful independence and its ability to function.' " (citations omitted).

*F.C.C.*, —— U.S. at —— – ——, 113 S.Ct. at 2101–02. The Council argues that a court has a right and an obligation to go beyond the face of a statute to examine all of the facts and circumstances surrounding its enactment and effect. This statement is correct insofar as it implies that a court, in performing a rational basis analysis, may go beyond the face of the statute to determine whether any conceivable state of facts exists to support the statute. However, in performing such a review, a court is not the guarantor of the accuracy of legislative facts. Even statutes based upon mistaken legislative facts may withstand constitutional challenge.[2] Recently, in *F.C.C.*, —— U.S. at ——, 113 S.Ct. at 2102, the United States Supreme Court has taken a broader stance by indicating that the existence or non-existence of legislative fact finding has no significance in a rational basis analysis. In other words, a court, in performing a rational-basis analysis, is not limited to the face of the statute and may go beyond its face in determining whether any *conceivable* state of facts exists to support a statute. However, this analysis does not require a court to conduct an independent examination of the *actual* legislative facts that underlie a statute in order to ensure their correctness. It is for the legislature, not the courts, to judge the wisdom of legislative action and to evaluate legislative facts. *F.C.C.*, —— U.S. at ——, 113 S.Ct. at 2109 (1993); *Nordlinger v. Hahn*, —— U.S. at ——, 112 S.Ct. at 2332.

The Council presented evidence aimed at proving that the legislature's statement of fact, that declared aseptic containers not recyclable, was mistaken. Even assuming that the legislature's statement of fact was mistaken, such a mistake is insufficient, in itself, to negate any conceivable state of facts which exist to support the statute. The Council failed to demonstrate that the legislature could not rationally conclude that recycling, although technically possible, was not practical in the State of Maine. Thus, we hold that the trial court did not commit an error of law in finding that the State was entitled to a judgment on this issue.

2. *Minnesota v. Clover Leaf Creamery Co.*, 449 U.S. 456, 464, 101 S.Ct. 715, 724, 66 L.Ed.2d 659 (1981), which upheld a state statute which banned the retail sale of milk in plastic, nonreturnable and nonrefillable, containers, stated:

"Where there was evidence before the legislature reasonably supporting the classification, litigants may not procure invalidation of the legislation merely by tendering evidence in court that the legislature was mistaken."

*See Nordlinger v. Hahn*, —— U.S. ——, ——, 112 S.Ct. 2326, 2332, 120 L.Ed.2d 1 (1992) (indicating that legislative facts need not be correct, but only need to have been rationally considered to have been true).

## Due Process

[T]he requirements of due process in the exercise of the State's police power [are] as follows:

1. The *object* of the exercise must be to provide for the public welfare.

2. The legislative *means* employed must be appropriate to the achievement of the ends sought.

3. The *manner of exercising* the power must not be unduly arbitrary or capricious.

In order to successfully challenge the constitutionality of a statute on due process grounds, a party "must establish the complete absence of any state of facts that would support the need for its enactment." *State v. Eaton*, 577 A.2d 1162, 1165–66 (Me. 1990) (citations omitted); *e.g., State v. Chapin*, 610 A.2d 259, 261–62 (Me.1992); *Tompkins v. Wade & Searway Const. Corp.*, 612 A.2d 874, 877–78 & n. 2 (Me.1992). In light of our previous holding that the allegedly mistaken statement of fact is insufficient to negate any conceivable state of facts, such a mistake would also be insufficient, by itself, to establish the complete absence of any state of facts that would support the need for the statute. Thus, we hold that the trial court did not commit an error of law in finding that a summary judgment was appropriate on this issue.

## Commerce Clause

The U.S. Supreme Court has adopted a "two-tiered approach to analyzing state economic regulation under the Commerce Clause." *Brown–Forman Distillers v. N.Y. State*, 476 U.S. 573, 579, 106 S.Ct. 2080, 2084, 90 L.Ed.2d 552 (1986). The first is a "per se rule of invalidity" and the second is a "flexible approach."

Under the "per se rule of invalidity" approach, "[w]hen a state statute directly regulates or discriminates against interstate commerce, or when its effect is to favor in-state economic interests over out-of-state interests, [courts] have generally struck down the statute without further inquiry." *Id.* This approach "applies 'not only to laws motivated solely by a desire to protect local industries from out-of-state competition, but also to laws that respond to legitimate local concerns by discriminating arbitrarily against interstate trade.'" *Chemical Waste Management, Inc. v. Hunt*, —— U.S. ——, —— n. 6, 112 S.Ct. 2009, 2015 n. 6, 119 L.Ed.2d 121 (1992) (quoting *Maine v. Taylor*, 477 U.S. 131, 148 n. 19, 106 S.Ct. 2440, 2453 n. 19, 91 L.Ed.2d 110 (1986)). To overcome per se invalidity, the State has the burden

"to justify [the statute] both in terms of the local benefits flowing from the statute and the unavailability of nondiscriminatory alternatives adequate to preserve the local interests at stake." ... The burden is on the State to show that "the *discrimination* is demonstrably justified by a valid factor unrelated to economic protectionism ..."

*Chemical Waste*, —— U.S. at ——, 112 S.Ct. at 2014–15 (citations omitted). *E.g., Wyoming v. Oklahoma*, —— U.S. ——, ——, 112 S.Ct. 789, 801, 117 L.Ed.2d 1 (1992); *Fort Gratiot Landfill v. Michigan Dep't of Nat. Res.*, —— U.S. ——, —— – ——, 112 S.Ct. 2019, 2023–24, 119 L.Ed.2d 139 (1992).

Pursuant to the "flexible approach," the Court stated: "[w]hen, however, a statute has only indirect effects on interstate commerce and regulates evenhandedly, we have examined whether the State's interest is legitimate and whether the burden on interstate commerce clearly exceeds the local benefits." *Brown–Forman*, 476 U.S. at 580, 106 S.Ct. at 2084; *e.g., Wyoming*, —— U.S. at —— n. 12, 112 S.Ct. at 800 n. 12 (quoting *Brown–Forman* with approval). The Court has recently stated that "this lesser scrutiny is only available 'where other legislative objectives are credibly advanced *and* there is *no* patent discrimination against interstate trade.'" *Chemical Waste*, —— U.S. at —— n. 5, 112 S.Ct. at 2014 n. 5. Another factor, other than "legitimacy of state interest" and "excessiveness of burden to benefit," that should be considered is whether the statute "may adversely affect interstate commerce by subjecting activities to inconsistent regulations." *CTS Corp. v. Dynamics Corp. of America*, 481 U.S. 69, 89, 107 S.Ct. 1637, 1649, 95 L.Ed.2d 67 (1987).

■ Section 1868(4) does *not* directly regulate or discriminate against interstate com-

merce and it does not have the effect of favoring Maine economic interests over out-of-state interests. Instead, this statute has only indirect effects on interstate commerce and regulates evenhandedly (i.e., the act targets filled aseptic containers for sale in Maine regardless of where the containers were produced or filled). In addition, section 1868(4) credibly advances the legislative objective of reducing solid waste. We hold that the "flexible approach" applies.

■ The factors considered by the trial court were 1) the risk of inconsistent regulation by the different states and 2) whether the burden on interstate commerce is clearly excessive in relation to local benefits. These are correct factors for consideration pursuant to the "flexible approach." Although the trial court did not directly address "whether the State's interest was legitimate," such a finding can be implied from the trial court's order.[3] However, the trial court did not explicitly discuss the factor of "less restrictive alternatives."

The Council does not dispute the court's finding of "no risk of inconsistent regulation" or of "legitimate interest." Instead, they argue that 1) the burdens clearly outweigh the benefits, and 2) less restrictive alternatives were ignored.

■ First, when viewing the evidence in the light most favorable to the Council, the trial court's finding that the burdens do not clearly outweigh the benefits is not an error of law. Second, the Council argues that the court erred in neglecting to consider whether the local interest "could be promoted as well with a lesser impact on interstate activities." *Pike v. Bruce Church*, 397 U.S. 137, 142, 90 S.Ct. 844, 847, 25 L.Ed.2d 174 (1970). Although this factor was mentioned as appropriate to the flexible approach by *Pike*, more recent decisions of the U.S. Supreme Court have only discussed an "available alternatives" factor in the context of the "per se

invalidity" approach and have not considered it when discussing the "flexible approach." *See Chemical Waste*, ―― U.S. at ―― n. 5 & ――, 112 S.Ct. at 2014 n. 5 & 2015; *Wyoming*, ―― U.S. at ―― n. 12 & ――, 112 S.Ct. at 800 n. 12 & 801. Additionally, *Pike* indicates that "available alternatives" is only one factor to consider when determining whether the burdens clearly outweigh the benefits. *Pike*, 397 U.S. at 142, 90 S.Ct. at 847. In light of the recent case law, and since the trial court considered whether the burdens outweighed the benefits, we find that the trial court did not commit an error of law in neglecting to expressly discuss the existence of available alternatives. Thus, the trial court did not err in granting a summary judgment on the Commerce Clause claim.

## 42 U.S.C. § 1983

■ In its complaint, the Council asserted a violation of the U.S. Civil Rights Act. 42 U.S.C. § 1983. The trial court granted the State's motion for a summary judgment on this claim. In its brief to this Court, the Council failed to argue this claim. As a result, the State argues that this claim is abandoned.

Although no Maine case expressly holds that failure to brief a claim, without more, constitutes abandonment, the cases support such an assertion. In *Darling v. Augusta Mental Health Inst.*, 535 A.2d 421, 423 n. 1 (Me.1987), the plaintiff appealed a summary judgment granted to the defendant. The plaintiff's complaint included a claim based on 42 U.S.C. § 1983. We stated:

> Plaintiff has not properly perfected her appeal from the rejection of her section 1983 claims against these parties. Her principal brief presented no argument relative to those claims.... *See also*, M.R.Civ.P. 75A(c) (reply brief "must be strictly confined to replying to new matter raised in the brief of the appellee").

---

3. The Superior Court, in its order, states:
   ... distinctions will be upheld against Commerce Clause challenges where there are legitimate reasons, apart from origin, for treating products from outside the State differently.... [The Statute's] purpose is to bar consumer aseptic packaging purchased within the State

from reaching the State [sic] solid waste stream.... [P]laintiff's have failed to indicate any sufficient basis to create a dispute as to material fact that whatever limited impact the ... ban may have is not outweighed by important benefits which *legitimate* the state action. (citations omitted) (emphasis added).

*Id.; see Maine Real Estate Commission v. Kelby,* 360 A.2d 528, 530 n. 5 (Me.1976).[4] The failure of the Council to brief this claim constitutes abandonment of the claim on appeal.

The entry is:

Judgment affirmed.

All concurring.

---

4. *See* Fiel McKusick & Wroth, 2 *Maine Civil Practice* § 75A.1 n. 3 (2d Ed.1970) ("An unbriefed point is treated as waived."); *Id.* at 514 (Supp.1981); ("Failure to brief or argue orally a point included in the statement of points on appeal will cause that point to be treated as abandoned.") (footnote omitted); *cf., Crosby v. Town of Belgrade,* 562 A.2d 1228, 1230 n. 3 (Me.1989) ("The Town has not made any argument ... in the Superior Court or in its appellate briefs. The Town has therefore waived any such issue on appeal.");

Ordinarily, an issue not addressed in the brief of either party and raised for the first time at oral argument is deemed waived. We do not generally reach out, without the benefit of either written or oral argument by counsel, to decide legal contentions nowhere raised by the defendant. Nevertheless, in order to avoid depriving a defendant of his constitutional right to a fundamentally fair trial, and for the purpose of maintaining the basic integrity of the judicial process, we will notice "error, if error there be, that works substantial injustice, whether or not it is brought to the attention of the trial or appellate court.' " (citations omitted).

*State v. Brunette,* 501 A.2d 419, 422–23 (Me. 1985) (quoting *State v. Bahre,* 456 A.2d 860, 864 (Me.1983)); *Chadwick–BaRoss v. Martin Marietta Corp.,* 483 A.2d 711, 717 (Me.1984) ("Generally, an issue not addressed by the brief of either party and raised at oral argument is viewed as waived on appeal.").