**Michael J. DEE, Plaintiff**

v.

**UNITED STATES of America and State of Maine, Defendants**

**No. 03–06–P–H.**

United States District Court,
D. Maine.

Jan. 29, 2003.

Michael J. Dee, Windham, ME, Pro se.

### ORDER ON REQUEST FOR PERMISSION TO FILE A PETITION FOR DECLARATORY JUDGMENT AND DECLARATORY RELIEF

HORNBY, District Judge.

On May 26, 1998, in light of his previous frivolous filings, I ENJOINED Michael J. Dee from filing any lawsuits in this Court without prior approval. *Dee v. United States,* No. 98–CV–37–P–H (D.Me.1998) (order enjoining plaintiff).[1] He now seeks permission to file a lawsuit challenging the constitutionality of federal and Maine laws concerning growing and possessing personal use quantities of marijuana. It was just such challenges that led to the original injunction.

In one of his earlier cases, Dee had enclosed a marijuana leaf and claimed his fear of prosecution as the basis for standing to bring a declaratory judgment action. *Dee v. Reno,* No. 95–CV–29–P–H (D.Me. 1995). I granted judgment to the defendants on the basis that declaratory relief would be inappropriate where there was no threat of law enforcement activities. *Id.* (order granting motion for summary judgment). The late Judge Brody and I dismissed subsequent similar suits on *res judicata* grounds. *See Dee v. United States,* No. 98–CV–6–P–H (D.Me.1998);

---

1. The final provocation was a lawsuit against President Clinton in which Dee purported to challenge the constitutionality of the Cuba Trade Embargo. *Dee v. Clinton,* No. 98–CV–37–P–H (D.Me.1998).

*Dee v. Reno,* 97–CV–229–P–H (D.Me. 1997); *Dee v. Ketterer,* No. 96–CV–274–B (D.Me.1997).

Dee still has presented no credible threat of federal prosecution. Therefore, his proposed lawsuit against federal authorities would be dismissed on *res judicata* grounds, the very basis on which his last marijuana lawsuit was dismissed. *Dee v. Reno,* No. 98–CV–6–P–H (D.Me.1998). I therefore DENY him permission to file his suit against federal authorities challenging the federal law.

Dee has been actually convicted now in state court, however, with the conviction affirmed by Maine's highest court, the Law Court. *Dee v. State,* No. CIV. A. AP–00–045, 2001 WL 1715844 (Me.Super.Jan. 24, 2001), *aff'd,* No. Mem. 01–59 (Me. June 26, 2001) (mem.), *cert. denied,* —— U.S. ——, 122 S.Ct. 1916, 152 L.Ed.2d 825 (2002) (mem.). What provoked that conviction was Dee's presence in the State House with a marijuana plant. When the Capitol Security Officer asked him to leave the building, "Mr. Dee refused to leave unless Officer Peaslee summonsed him for possession of marijuana." *Dee,* 2001 WL 1715844, at *1. The officer accommodated Dee, and as a result Dee was convicted despite his constitutional arguments in the Maine district court, superior court and Law Court. Thus, Dee now has standing—*i.e.,* he has a credible threat of prosecution, albeit forced [2]—to challenge the constitutionality of the Maine laws concerning growing and possessing personal use quantities of marijuana. I conclude,

however, that Dee's constitutional challenge is frivolous. As the First Circuit has said,

> Every federal court that has considered the matter, so far as we are aware, has accepted the congressional determination that marijuana in fact poses a real threat to individual health and social welfare, and has upheld the criminal sanctions for *possession* and distribution of marijuana even where such sanctions infringe on the free exercise of religion.

*United States v. Rush,* 738 F.2d 497, 512 (1st Cir.1984) (emphasis added). There is no reason to treat a similar state determination any differently, and Maine's highest court has so held: "Maine statutes, which *inter alia* make unlawful the *possession* of any usable amount of that scheduled drug . . . represent the legislature's determination that marijuana poses a threat to individual health and social welfare." *Rupert v. City of Portland,* 605 A.2d 63, 66 (Me. 1992) (emphasis added). The claims Dee wishes to assert against Maine's statute as it applies to personal use of marijuana are based, not on freedom of religion, but on his "fundamental rights to life, liberty and property" under the Fourth, Fifth and Fourteenth Amendments, and allegedly arbitrary enforcement of the state's marijuana law. (Dee provides no detail on the latter, just his *ipse dixit,* certainly insufficient given his repeated attempts to be prosecuted.) It has long been established that use of marijuana is *not* a fundamental right protected by the Constitution. *See, e.g., United States v. Maas,* 551 F.Supp.

**2.** Dee also filed a lawsuit challenging the Portland Police Department for *refusing* to prosecute him. He had been waving a marijuana plant at traffic while standing at Morrill's Corner, a busy intersection in Portland. The police told Dee to stay out of the street or they would arrest him, but did not arrest or summons him or seize the marijuana plant. Dee claimed in his state lawsuit that the police "violated due process of law by arbitrarily refusing to seize the plaintiff's marijuana and failing to issue him a summons to appear in court for violating" the Maine statute concerning marijuana. *Dee v. State,* No. CIV. A. CV–00–648, 2001 WL 1708834, at *1 (Me.Super.Apr. 12, 2001). The state court dismissed the lawsuit.

645, 646–47 (D.N.J.1982); *Wolkind v. Selph*, 495 F.Supp. 507, 510 (E.D.Va.1980); *NORML v. Bell*, 488 F.Supp. 123, 132–33 (D.D.C.1980) (three judge court). If I were to grant Dee permission to file his lawsuit challenging the state law, I would simply have to dismiss it as frivolous if he then requested leave to proceed in forma pauperis under 28 U.S.C. § 1915(e)(2)(B). If instead he paid the entire filing fee, I would have to dismiss it upon a motion under Fed.R.Civ.P. 12(b)(6). I therefore DENY Dee permission to file his petition challenging Maine law.

So ORDERED.