STATE OF MAINE  
CUMBERLAND, ss.

SUPERIOR COURT  
CIVIL ACTION  
DOCKET NO: CV06-707

MICHAEL DEE

Plaintiff

**ORDER ON PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS and MOTIONS FOR SUMMARY JUDGMENT, DEFENDANT'S CROSS-MOTION FOR JUDGMENT ON THE PLEADINGS, MOTION FOR INJUNCTION and MOTION TO STRIKE**

v.

DONALD L. GARBRE  
LAW LIBRARY

SEP 07 2007

STATE OF MAINE

Defendant

This matter comes before the Court on Plaintiff's motion for judgment on the pleadings per M.R. Civ. P. 12(c), Defendant's cross-motion for judgment on the pleadings, Plaintiff's motions for summary judgment per M.R. Civ. P. 56(c), Defendant's motion to strike Plaintiff's statement of material facts, and Defendant's motion to enjoin further lawsuits by Plaintiff per M.R. Civ. P. 11(a).

## BACKGROUND

Plaintiff Michael Dee ("Dee"), a resident of Windham, Maine, has long been an opponent of Defendant State of Maine's ("the State's") laws prohibiting personal possession and use of marijuana. In Maine, possession of a usable amount of marijuana is a civil violation. 22 M.R.S.A. § 2383(1) (2006). Cultivating marijuana is a crime. 17-A M.R.S.A. § 1117 (2006). Dee has been found guilty of civil possession several times in the 1990s and in 2000. He filed a

1

complaint for declaratory judgment in this Court in December 2006, contending that he has a fundamental right to possess marijuana and that Maine's laws violate his constitutional rights, particularly his due process rights and his right to be free from unreasonable searches and seizures.

Dee has pursued similar challenges in state and federal courts for approximately twelve years. In federal court, he filed a declaratory judgment action regarding the marijuana laws in 1995 due to fear of prosecution, which was dismissed for lack of standing, as he had not yet been prosecuted for a violation of those laws. *See Dee v. Reno*, No. 95-CV-29-P-H (D. Me. 1995).[1] The United States Court of Appeals for the First Circuit affirmed the dismissal of the case, and the United States Supreme Court denied certiorari. *Dee v. Reno*, 519 U.S. 873 (1996). Dee's petition for rehearing was also denied. *Dee v. Reno*, 519 U.S. 1001 (1996). Dee filed several similar suits in the district court, all of which were dismissed on res judicata grounds[2], culminating in an order enjoining Dee from filing additional federal lawsuits without permission of the court.[3]

In 1999, Dee began his quest in state court, filing a declaratory judgment action to contest the validity of Maine's law presuming unlawful furnishing of marijuana over a certain quantity, 17-A M.R.S.A. § 1106(3)(A), and its laws against possession of the drug. This Court (*Calkins, J.*) dismissed the lawsuit, as Dee was not being prosecuted at the time and had not alleged a violation of his fundamental constitutional rights, and the Law Court affirmed the dismissal. *Dee v. Attorney General*, No. Mem-99-59 (Apr. 30, 1999). The following year, Dee

---

[1] Dee included a marijuana leaf when he filed his complaint in federal court.

[2] *See Dee v. Ketterer*, No. 96-CV-274-B (D. Me. 1997); *Dee v. Reno*, No. 98-CV-229-P-H (D. Me. 1997); *Dee v. U.S.*, No. 98-CV-6-P-H (D. Me. 1998).

[3] The order was issued in *Dee v. Clinton*, No. 98-CV-37-P-H (D. Me. 1998).

"invited" this Court (*Delahanty, J.*) to "amend" those same marijuana laws, and the Law Court again affirmed this Court's dismissal of that declaratory judgment action, as this Court lacks the authority to alter the State's drug laws. *See Dee v. State*, No. Mem-00-132 (Oct. 27, 2000).

Also in 2000, Dee received a summons following his demonstration for legalization of marijuana at the State House, during which he was carrying a marijuana plant that police seized. *See Dee v. State*, 2001 Me. Super. LEXIS 14 at *1. Following a trial in the Maine District Court, Dee was found guilty of civil possession of marijuana, and he appealed to this Court, arguing that the statute was unconstitutional.[4] *Id.* at *2. This Court (*Atwood, J.*) rejected his arguments and upheld the judgment, having determined that no authority supported Dee's argument that marijuana use is constitutionally protected. *Id.* at *4. The Law Court also upheld the decision, noting that the law does not offend any fundamental rights. *State v. Dee*, No. Mem-01-59 (June 26, 2001). That same year, this Court (*Crowley, J.*) dismissed another suit brought by Dee following a 1999 demonstration that he had staged on a Portland street. *Dee v. State*, 2001 Me. Super. LEXIS 59 at *1. Because that demonstration had not resulted in his arrest or in the seizure of the plant that he was carrying, Dee claimed that the marijuana law was being arbitrarily enforced. *Id.* This challenge, too, was unsuccessful, and this Court granted the State's motion for judgment on the pleadings because the constitutional challenge did not present a "justiciable controversy," and was barred by res judicata. *Id.* at *2-3. Again, the Law Court affirmed that result. *Dee v. State*, No. Mem-02-1 (Jan. 16, 2002).

---

[4] The district court had declined to act on Dee's motion to dismiss, in which he argued that the marijuana law unconstitutionally deprived him of his constitutional liberty interests. *Id.* at *2.

3

In 2003, Dee returned to federal court in an attempt to persuade the court to allow him to bring another challenge to state and federal marijuana laws. The district court refused, explaining that Dee still lacked standing to challenge the federal law because there was no indication that federal authorities were threatening to prosecute him, and any new case similarly would have to be dismissed on res judicata grounds. *Dee v. U.S.*, 241 F. Supp. 2d 50, 51 (D. Me. 2003). The district court noted, however, that Dee had been found guilty of violating Maine's marijuana law, but a challenge to that law would be frivolous because there is no fundamental right to use marijuana, and most jurisdictions' laws have been upheld because the drug represents a "threat to individual health and social welfare." *Id.* The case pending before this Court, therefore, is the latest in a long line of nearly identical challenges that Dee has brought regarding the marijuana laws.

Here, Dee first moved for judgment on the pleadings, and the State filed a cross-motion for judgment on the pleadings. Dee then moved for summary judgment, and the State opposed the motion and moved to strike his statement of material facts. The State also seeks an injunction to prevent Dee from filing similar lawsuits in State court without obtaining permission of the Court. The Court will address each motion in turn.

## DISCUSSION

1.    Motion and Cross-Motion for Judgment on the Pleadings.

Maine law provides that "[a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." M.R. Civ. P. 12(c). At that stage, the Court will "assume that all factual allegations in the complaint are true" because such a motion is treated as

4

a "motion to dismiss for failure to state a claim." *Stevens v. Bouchard*, 532 A.2d 1028, 1029-1030 (Me. 1987). But, the Court is not required to credit any "legal conclusions" stated in the complaint. *Id.* at 1030.

The only facts relevant to the Court's decision are that Dee has been found guilty of violating Maine's civil possession statute in the past, and that he has waged a campaign against the marijuana laws, both in and out of court, for over a decade. Other than these facts, which the Court accepts as true, Dee's complaint contains much legal argument regarding the supposed unconstitutionality of the marijuana laws, which he claims violate his fundamental rights and right to due process. All of his arguments, as noted above, have been rejected by Maine's state and federal courts, along with a vast majority of courts in other jurisdictions. *See, e.g., Kuromiya v. U.S.*, 37 F. Supp. 2d 717, 727 (D. Pa. 1999) (stating that "there is no fundamental right to use marijuana in any context"); *U.S. v. Fogarty*, 692 F.2d 542, 547 (8th Cir. 1982) (stating that "there is no fundamental constitutional right to import, sell, or possess marijuana" and applying rational basis review). Simply put, usage of marijuana has not been recognized as a fundamental constitutional right. Dee's challenge, therefore, is subjected only to rational basis review.

Enacting laws to prohibit the use, cultivation, and distribution of marijuana is well within the province of the legislature. *See State v. Brown*, 571 A.2d 816, 820 (Me. 1990) ("It has long been settled law that the State possesses the "police power" to pass general regulatory laws promoting the public health, welfare, safety and morality"). Thus, Dee's only recourse in his quest to change the marijuana laws is to present his cause before the legislature. This Court cannot change the marijuana laws, and explicitly finds that there currently is no

5

basis for invalidating them because the legislature had a rational basis for enacting them, and they do not encroach upon any fundamental right. Given this, Dee is not entitled to a declaratory judgment in his favor, as there is no legal basis upon which he could recover. His motion for judgment on the pleadings is denied and the State's cross-motion for judgment on the pleadings is granted.

2. Motions for Summary Judgment & Motion to Strike Statement of Material Facts.

Dee has filed two motions for summary judgment on the basis that, as a matter of law, he is entitled to a declaratory judgment that Maine's marijuana laws are unconstitutional. The State opposes the motions and also moves to strike his statement of material facts because it does not comply with M.R. Civ. P. 56(h).[5] As this Court has granted the State's cross-motion for judgment on the pleadings, effectively ending this case, the motions for summary judgment and motion to strike are denied as moot.

3. Motion for an Injunction to Prevent Further Litigation.

In addition, the State moves for an injunction to prevent Dee from filing further lawsuits in state court. It argues that, given Dee's repeated, unsuccessful claims, he lacks the good grounds required to support his pleadings or motions under M.R. Civ. P. 11(a). This Court has the discretion to "enjoin a party from filing frivolous and vexatious lawsuits." *Spickler v. Key Bank of S. Me.*, 618 A.2d 204, 207 (Me. 1992). When seeking such an injunction, a party must demonstrate that "a pattern of abusive and frivolous litigation" has occurred. *Id.* Such an

---

[5] The Court notes that on April 2, 2007, an amendment to Rule 56 went into effect that prohibits motions to strike. *See* M.R. Civ. P. 56(i)(1). Instead, opposing parties may object to a "factual assertion, denial, or qualification" by noting its objection in reply and explaining the reason for the objection with "any supporting authority or record citation." *Id.*

injunction does not prevent a party from seeking redress in the courts when he or she has a valid claim, but rather serves as a "screening mechanism" to protect potential defendants from harassment brought on by "baseless claims." *Id.*

Here, the State has satisfied its burden to show a pattern of frivolous and vexation suits. Over a span of twelve years, Dee has repeatedly and unsuccessfully attempted to litigate this issue in state and federal courts, described in detail above. At every turn, courts have informed him that his claims have no legal merit and that the legislature, not the judiciary, is the proper forum for addressing this issue. Thus, the Court enjoins him from filing further lawsuits in Maine courts to challenge the constitutionality of the State's civil and criminal marijuana laws without prior approval from the court.

> The entry is:
>
> Plaintiff's motion for judgment on the pleadings is DENIED.
> Plaintiff's motions for summary judgment are DENIED.
>
> Defendant's motion to strike is DENIED. Defendant's motion for judgment on the pleadings is GRANTED. Judgment is entered in favor of Defendant.
>
> Defendant's motion for injunctive relief is GRANTED. Plaintiff hereby is ENJOINED from filing further lawsuits in Maine courts to challenge the marijuana laws without prior approval of the court.
>
> The clerk shall incorporate this Order into the docket by reference pursuant to M.R. Civ. P. 79(a).

DATE: _June 25, 2007_

Robert E. Crowley
Justice, Superior Court

F COURTS
and County
Box 287
ine 04112-0287

MICHAEL DEE
PO BOX 2021
WINDHAM ME 04062

COURTS
nd County
ox 287
e 04112-0287

WILLIAM FISHER AAG
6 STATE HOUSE STATION
AUGUSTA ME 04333