2008 WY 17

**Michael J. DEE, Appellant (Plaintiff),**

v.

**The STATE of Wyoming, Appellee (Defendant).**

No. S–07–0185.

Supreme Court of Wyoming.

Feb. 13, 2008.

Rehearing Denied March 11, 2008.

Representing Appellant: Michael J. Dee, Pro se.

Representing Appellee: Bruce A. Salzburg, Wyoming Attorney General; Terry L. Armitage, Deputy Attorney General.

Before VOIGT, C.J., and GOLDEN, HILL, KITE, BURKE, JJ.

GOLDEN, Justice.

[¶ 1] Appellant Michael J. Dee appeals from the district court's order dismissing his declaratory judgment action. Dee presents no argument that the district court's specific ruling was incorrect. The district court's order is therefore summarily affirmed.

[¶ 2] The essential facts in this case are not in dispute. Dee was convicted in 1982 of possessing and cultivating marijuana. The record does not reflect that Dee appealed his 1982 conviction. In January 2007, Dee filed a complaint for declaratory relief. In his complaint, Dee did not ask the district court to overturn his 1982 conviction. Instead, he asked the district court to declare the laws upon which he was convicted, Wyo. Stat. Ann. § 35–7–1031(c) and § 35–7–1040 (LexisNexis 2007), as well as Wyo. Stat. Ann. § 35–7–1039 (LexisNexis 2007),[1] unconstitutional. Dee alleged the laws violated his fundamental right to possess, use and grow marijuana and contravened the tenets of the Fourth and Fifth Amendments of the United States Constitution. After a hearing on May 2, 2007, the district court granted summary judgment in favor of the State. The district court found the challenged statutes constitutional and found no justiciable controversy.

[¶ 3] Instead of appealing the district court's summary judgment ruling, Dee commenced the present declaratory judgment action on May 15, 2007, raising the same constitutional claims. In his complaint, Dee also asked the district court to overturn his 1982 criminal conviction. The State countered with a motion to dismiss pursuant to W.R.Cr.P. 12(b)(6) for failure to state a claim upon which relief could be granted. Specifically, the State asserted that Dee's claims were barred by the doctrine of res judicata because they were raised and decided against

---

1. Section 35–7–1031(c) makes it unlawful for any person to knowingly and intentionally possess marijuana, § 35–7–1039 makes it unlawful for a person to use marijuana, and § 35–7–1040 makes it illegal for any person to grow marijuana.

Dee in the prior declaratory judgment action. The district court agreed and dismissed Dee's complaint with prejudice. This appeal followed.

[¶ 4]   On appeal, Dee focuses his attention exclusively on the constitutionality of the marijuana statutes, reasserting the same claims raised in the underlying declaratory judgment action.   As already noted, the district court dismissed those claims on res judicata grounds, and Dee has not presented any legal argument directly challenging the district court's determination.   That failure is fatal to Dee's appeal.   Additionally, as previously noted, Dee did not appeal his 1982 conviction in which he could have asked that it be overturned.   In this appeal he presents no legal argument to support that untimely request now.   Consequently, his conviction is res judicata as well.   For these reasons we summarily affirm the district court's order dismissing Dee's complaint.