2008 ME 82

**STATE of Maine**

v.

**Mark W. HASKELL.**

Supreme Judicial Court of Maine.

Argued: April 10, 2008.
Decided: May 8, 2008.

G. Steven Rowe, Attorney General, Gerald D. Reid, Asst. Atty. Gen. (orally), Christopher C. Taub, Asst. Atty. Gen., Augusta, ME, for the State of Maine.

Michael Kaplan, Esq. (orally), Preti Flaherty, Portland, ME, for Mark Haskell.

Panel: SAUFLEY, C.J., and CLIFFORD, ALEXANDER, LEVY, SILVER, MEAD, and GORMAN, JJ.

ALEXANDER, J.

[¶ 1] The State appeals from a judgment of the District Court (Belfast, *Marden, J.*) finding Mark W. Haskell not to have committed a civil violation of 12 M.R.S. § 13071–A(4)(A)(33) (2007)[1] because the statute unconstitutionally violates substantive due process rights. The State asserts that the District Court improperly applied a heightened level of scrutiny to determine that the statute violated Haskell's "fundamental right" to operate a personalized watercraft[2] on a great pond.[3] We vacate the judgment.

## I. CASE HISTORY

[¶ 2] At the bench trial, the parties stipulated to the following facts. On July 3, 2005, at 1:50 P.M., a warden of the Inland Fisheries and Wildlife Services was on routine patrol in a warden's boat on Lake St. George in Liberty. The warden stopped Haskell, who was riding a 2005 Sea–Doo jet-ski. Pursuant to 12 M.R.S. § 13071–A(4)(A)(33), operation of a personalized watercraft is prohibited on Lake St. George. Haskell admitted that he knew operation of the jet-ski was prohibited and asked the warden to cite him because he wanted to challenge the statute. The warden obliged.

[¶ 3] The State rested on these stipulated facts. Haskell presented additional evidence regarding other vehicles, including snowmobiles and aircraft that are permitted on the lake. Haskell presented evidence of State regulations that prohibit certain conduct while operating watercraft in general, including personalized watercraft. Evidence was also presented that personalized watercraft, especially newer

---

1. Title 12 M.R.S. § 13071–A(4)(A) (2007) prohibits operating personalized watercraft on certain bodies of water. Lake St. George is among those bodies of water. 12 M.R.S. § 13071–A(4)(A)(33).

2. Personalized watercraft are defined as "any motorized watercraft that is 14 feet or less in hull length as manufactured, has as its primary source of propulsion an inboard motor powering a jet pump and is capable of carrying one or more persons in a sitting, standing or kneeling position." 12 M.R.S. § 13001(23) (2007).

3. Great ponds are defined as "any inland bodies of water which in a natural state have a surface area in excess of 10 acres and any inland bodies of water artificially formed or increased which have a surface area in excess of 30 acres." 38 M.R.S. § 436–A(7) (2007).

models, create no greater noise or environmental dangers than other watercraft.

[¶ 4] The trial court indicated that it had to find Haskell's evidence "as fact" because it was "unrebutted." Based on these "facts" and relying on a 1981 *Opinion of the Justices*,[4] the court held that under the public trust doctrine, the right to boat on great ponds is a "fundamental right." The District Court therefore applied a "heightened" level of scrutiny and found that the statute was not an appropriate means for achieving the ends sought and was unduly arbitrary. As a result, the court found Haskell not to have committed a civil violation because 12 M.R.S. § 13071–A(4)(A)(33) "violat[es] ... substantive due process rights."[5] The State filed this timely appeal.

## II. DISCUSSION

[¶ 5] We review the validity of a statute as a question of law de novo. *State v. Haskell,* 2001 ME 154, ¶ 3, 784 A.2d 4, 7. When the State exercises its police power to regulate for the general welfare and a fundamental right is not at issue, statutes are subjected to rational basis review. *See State v. Nat'l Advertising Co.,* 409 A.2d 1277, 1288 (Me.1979). Great deference is given to social and economic regulations, and reasonableness is presumed because it is the job of the Legislature, not the courts, to balance competing interests. *See Williamson v. Lee Optical,* 348 U.S. 483, 487, 75 S.Ct. 461, 99 L.Ed. 563 (1955). Consequently, the party challenging a statute has the burden of proving its constitutional deficiency. *In re Richard G.,* 2001

ME 78, ¶ 6, 770 A.2d 625, 627. In order to prevail, a party "must establish the complete absence of any state of facts that would support the need for [the statute's] enactment." *Aseptic Packaging Council v. State,* 637 A.2d 457, 461 (Me.1994) (quoting *State v. Eaton,* 577 A.2d 1162, 1165–66 (Me.1990)).

[¶ 6] Under a rational basis review, due process requires that (1) the police powers be exercised to provide for the public welfare; (2) the legislative means employed be appropriate to achieve the ends sought; and (3) "the manner of exercising the power not be unduly arbitrary or capricious." *Nugent v. Town of Camden,* 1998 ME 92, ¶ 18, 710 A.2d 245, 249. The Legislature need not provide the facts upon which its rationale rests, so long as *some* theoretical explanation exists. *Minnesota v. Clover Leaf Creamery Co.,* 449 U.S. 456, 464, 101 S.Ct. 715, 66 L.Ed.2d 659 (1981). Even when a party presents evidence undermining the Legislature's decision, if there was evidence that a rational basis could be established, then the statute is constitutional. *Id.* This is because legislative actions are not subject to "courtroom fact-finding" and need not be supported by "evidence or empirical data." *Aseptic Packaging Council,* 637 A.2d at 460.

[¶ 7] The State argues that the District Court erred in finding that the right to use personalized watercraft, or any form of boating, on great ponds is a fundamental right triggering heightened scrutiny. Instead, the State asserts that the public's

---

**4.** The 1981 *Opinion* relied upon by the court and Haskell does not address restricting rights under the public trust doctrine, but addresses the ability of the State to release its hold on submerged and intertidal lands that have been filled. *Opinion of the Justices,* 437 A.2d 597, 599 (Me.1981).

**5.** In a lengthy footnote, the District Court indicated that it believed this case could also be resolved pursuant to the Fourteenth Amendment's Equal Protection Clause. The court did not resolve the case on this ground because Haskell did not pursue it. As a result, we do not address this issue.

rights are inherently subject to regulation, and that such regulations are entitled to great deference. The State argues that 12 M.R.S. § 13071–A(4)(A)(33) satisfies the rational basis test. The State argues that personalized watercraft have unique speed and maneuverability, that therefore they are "more of a plaything than a true boat," and that the Legislature could reasonably have concluded they are a threat to public health, safety, and welfare.

[¶ 8] Both parties agree that as a result of the public trust doctrine, the public has a right to use great ponds. This right, however, is not fundamental, and is inherently subject to Legislative restraints.[6] *See Opinion of the Justices*, 437 A.2d 597, 605–06 (Me.1981); *Opinions of the Justices*, 118 Me. 503, 503–05, 516, 106 A. 865 (1919); *Conant v. Jordan*, 107 Me. 227, 229–30, 77 A. 938 (1910). Because there is no fundamental right at issue, the constitutionality of 12 M.R.S. § 13071–A(4)(A)(33) is presumed, and the burden was on Haskell to establish that no facts exist upon which a rational basis supporting this statute could be found. *See In re Richard G.*, 2001 ME 78, ¶ 6, 770 A.2d at 627; *Aseptic Packaging Council*, 637 A.2d at 461.

[¶ 9] Haskell did not meet his burden. Title 12 M.R.S. § 13071–A(4)(A)(33) was enacted for the general welfare of the people of Maine, the means chosen are appropriate because the regulations reduce safety and environmental risks and hazards, and the statute is not arbitrary or capricious. *See Personal Watercraft Indus. Ass'n v. Dep't of Commerce*, 48 F.3d 540, 545 (C.A.D.C.1995);

*see also State v. Rush*, 324 A.2d 748, 753–54 (Me.1974). Given the unique characteristics of personalized watercraft, their size, speed, and maneuverability, the Legislature could rationally determine that they pose a unique risk to others on great ponds. Regulation of one form of watercraft while other forms are unregulated does not make this regulation unreasonable, arbitrary, or capricious. *See Lee Optical*, 348 U.S. at 489, 75 S.Ct. 461. Haskell failed to meet his heavy burden of establishing that there is no rational basis for the legislation. We must therefore vacate the District Court's decision and remand the case for further proceedings, because section 13071–A(4)(A)(33) does not violate concepts of due process.

The entry is:

Judgment vacated. Remanded for further proceedings.

---

**6.** In the 1919 *Opinions of the Justices*, we stated that it was a "misapprehension" to call the rights in great ponds "sacred and inalienable." 118 Me. 503, 505, 106 A. 865 (1919). The 1981 *Opinion* Haskell cites indicated that the only limits on the Legislature's powers regarding these rights is that the legislation must be "reasonable," for the benefit of the people, and "not be repugnant to any other provision of the ... Constitution." 437 A.2d 597, 606 (Me.1981).