2012 ME 26

**STATE of Maine**

v.

**Michael J. DEE.**

Supreme Judicial Court of Maine.

Submitted on Briefs: Jan. 30, 2012.
Decided: Feb. 7, 2012.
Revised: March 6, 2012.

Michael J. Dee, appellant pro se.

Evert Fowle, District Attorney, and Patricia K. Poulin, Asst. Dist. Atty., Augusta, for appellee State of Maine.

Panel: ALEXANDER, LEVY, SILVER, MEAD, GORMAN, and JABAR, JJ.

PER CURIAM.

[¶ 1]  Michael J. Dee appeals from the judgment of the District Court (Augusta, *Sparaco, J.*) finding that he committed the civil violation of possessing a useable amount of marijuana. *See* 22 M.R.S. § 2383(1)(A) (2011).  We affirmed this judgment in an earlier memorandum of decision, *State v. Dee,* Mem-12-7 (Me. 2012), which Dee moved us to reconsider pursuant to M.R.App. P. 14(b).  We do so and again affirm.

[¶ 2]  Dee argues that Maine's prohibition of the possession of marijuana unconstitutionally infringes on his right to due process guaranteed by the Fourteenth Amendment to the United States Constitution.  This is not the first time that Dee has litigated the constitutionality of mari-

juana prohibitions before the courts of Maine and elsewhere.[1] Dee concedes that he does not have a fundamental right to possess marijuana, but he insists that the prohibition violates "his fundamental right to liberty and to property." Notwithstanding this linguistic leap, we are not persuaded that Dee's possession of marijuana implicates any of his fundamental rights.

[¶ 3] Where fundamental rights are not implicated, we review the validity of a statute exercising the State's police power for a rational basis, which requires that "(1) the police powers be exercised to provide for the public welfare; (2) the legislative means employed be appropriate to achieve the ends sought; and (3) the manner of exercising the power not be unduly arbitrary or capricious." *State v. Haskell*, 2008 ME 82, ¶¶ 5–6, 955 A.2d 737 (quotation marks omitted). There need only be some theoretical explanation for the statute, and the Legislature is not required to provide the facts that justify its enactment. *Id.* ¶ 6 (citing *Minnesota v.*

*Clover Leaf Creamery Co.*, 449 U.S. 456, 464, 101 S.Ct. 715, 66 L.Ed.2d 659 (1981)). Even when a party's evidence undermines the Legislature's decision, the statute is constitutional if there was evidence that a rational basis could be established. *Id.*

[¶ 4] Contrary to Dee's assertions, the Legislature's decision to proscribe the possession of marijuana does not violate his right to due process. *See Haskell*, 2008 ME 82, ¶¶ 5–6, 955 A.2d 737. There is a rational explanation for the Legislature's decision to proscribe the possession of marijuana. Although "legislative actions are not subject to courtroom fact-finding and need not be supported by evidence or empirical data," *id.* ¶ 6 (quotation marks omitted), there is evidence that marijuana is harmful, *see Rupert v. City of Portland*, 605 A.2d 63, 66 (Me.1992) (stating that drug prohibition statutes "represent the legislature's determination that marijuana poses a threat to individual health and social welfare"). Dee has presented no evidence that the Legislature's

---

1. *Dee v. United States*, Docket No. 09–CV–163–P–H, 2009 WL 1149903, 2009 U.S. Dist. LEXIS 39568 (D.Me. Apr. 28, 2009) (recommending denial of Dee's request for leave to file a declaratory action); *In re Michael J. Dee*, Docket No. 04–MC–33–GZS (D.Me. Apr. 26, 2004); *Dee v. United States*, 241 F.Supp.2d 50 (D.Me.2003) (denying Dee's request to file a new declaratory judgment action); *Dee v. United States*, Docket No. 2:98–CV–37–DBH (D.Me. May 26, 1998) (enjoining Dee from filing additional challenges to Maine's marijuana laws in federal court); *Dee v. Att'y Gen. of the U.S.*, Docket No. 2:97–CV–229–DBH (D.Me. Aug. 11, 1997); *Dee v. Att'y Gen. of Me.*, Docket No. 1:96–CV–274–MAB (D.Me. Feb. 25, 1997); *Dee v. Reno*, Docket No. 95–CV–29–P–H (D.Me. Sept. 11, 1995), *aff'd*, No. 95–2173, 1996 WL 167119, 1996 U.S.App. LEXIS 6999 (1st Cir. Apr. 10, 1996) (per curiam), *cert. denied*, 519 U.S. 873, 117 S.Ct. 190, 136 L.Ed.2d 128 (1996), *reh'g denied*, 519 U.S. 1001, 117 S.Ct. 501, 136 L.Ed.2d 393 (1996); *Dee v. State*, 2007 WL 4698274, 2007 Me.Super. LEXIS 121 (June 25, 2007) (enjoining Dee from filing challenges to Maine's marijuana laws in state court), *aff'd*, Mem–07–208 (Dec. 13, 2007), *cert. denied*, 555 U.S. 823, 129 S.Ct. 143, 172 L.Ed.2d 38 (2008); *Dee v. State*, 2001 WL 1708834, 2001 Me.Super. LEXIS 59 (Apr. 10, 2001) (entering judgment on the pleadings against Dee's action for judgment declaring marijuana laws unconstitutional), *aff'd*, Mem–02–1 (Jan. 16, 2002); *State v. Dee*, 2001 WL 1715844, 2001 Me.Super. LEXIS 14 (Jan. 24, 2001) (affirming a judgment that Dee committed the civil violation of possession of a usable amount of marijuana at the State House), *aff'd*, Mem–01–59 (June 26, 2001); *Dee v. State*, CUMSC–CV–99–690 (Me.Super.Ct., Cum.Cty., Apr. 25, 2000), *aff'd*, Mem–00–132 (Oct. 27, 2000); *Dee v. Att'y Gen.*, CUMSC–CV–97–763 (Me.Super.Ct., Cum.Cty., July 7, 1998), *aff'd*, Mem–99–59 (Apr. 30, 1999); *Dee v. State*, 177 P.3d 218 (Wyo.2008), *reh'g denied*, No. S–07–185, 2008 Wyo. LEXIS 31 (Mar. 11, 2008), *cert. denied*, 555 U.S. 824, 129 S.Ct. 143, 172 L.Ed.2d 38 (2008); *Dee v. Laramie County*, 666 P.2d 957 (Wyo.1983).

prohibition on marijuana is not "appropriate to achieve the ends sought." *See Haskell,* 2008 ME 82, ¶ 6, 955 A.2d 737. Finally, the manner of exercising the police power, imposing a maximum civil fine of $1000 for possession of up to 2 1/2 ounces of marijuana, cannot be described as arbitrary or capricious. *See* 22 M.R.S. § 2383(1)(A); *Haskell,* 2008 ME 82, ¶ 6, 955 A.2d 737.

The entry is:

Judgment affirmed. The mandate will issue forthwith.