MAINE SUPREME JUDICIAL COURT                    Reporter of Decisions
Decision:     2013 ME 40
Docket:       Pen-12-239
Submitted
  On Briefs:  January 31, 2013
Decided:      April 2, 2013

Panel:        ALEXANDER, LEVY, SILVER, MEAD, GORMAN, and JABAR, JJ.

## IN RE D.P.

LEVY, J.

[¶1]   The mother of D.P. appeals from an order of the District Court (Bangor, *Jordan, J.*) finding, pursuant to 22 M.R.S. §§ 4002(6), 4035 (2012), that she placed D.P. in circumstances of jeopardy.  The mother does not challenge the factual or legal basis for the jeopardy order.  She contends that the court erred by prohibiting her from unilaterally terminating her own parental rights without submitting to a jeopardy hearing.  We affirm the court's order.

### I.  BACKGROUND

[¶2]   In August 2011, the Department of Health and Human Services filed a child protection petition against D.P.'s parents pursuant to 22 M.R.S. § 4032 (2012).  The petition alleged that the parents placed D.P. in jeopardy due to "emotional abuse and neglect" resulting from the parents' drug abuse, the father's physical abuse of the mother in D.P.'s presence, and the mother's professed inability to care for D.P.  The court issued a preliminary child protection order

removing custody from the parents and granting custody to the Department. The Department placed D.P. with relatives.

[¶3] On January 23, 2012, the court granted the Department's motion to continue the jeopardy hearing due to "substantial new allegations of sexual abuse by both parents." On March 13, the mother filed a petition to terminate her own parental rights without a jeopardy hearing, contending that 22 M.R.S. § 4052 (2012) authorized her to do so, and that she had a constitutional right to unilaterally terminate her own parental rights. In the petition, the mother agreed to a finding of jeopardy based on her substance abuse, but effectively sought to avoid a jeopardy hearing involving evidence of her sexual abuse of D.P.

[¶4] At the hearing on the mother's petition, the Department contested the mother's right to unilaterally terminate her own rights and contended that it needed a jeopardy determination regarding the sexual abuse allegations to determine whether to file a petition to terminate the mother's parental rights. The court concluded that the mother did not have a statutory or constitutional right to petition to terminate her own parental rights or to forgo a full jeopardy hearing, and dismissed the mother's termination petition. On March 22, the Department filed a motion to amend the petition for child protection to include sexual abuse as an aggravating factor pursuant to 22 M.R.S. § 4002(1-B)(A)(1) (2012), and requested

a cease reunification order pursuant to 22 M.R.S. § 4041(2)(A-2)(1) (2012). The court granted the Department's motion to amend its petition.

[¶5] On April 27, the court held a jeopardy hearing pursuant to 22 M.R.S. § 4035, following which it entered an order finding jeopardy as to both parents based on domestic violence, abandonment, and sexual abuse of D.P.[1] The court ordered the Department to cease reunification efforts pursuant to 22 M.R.S. § 4041(2)(A-2)(1), based on aggravating factors of the parents' "gross sexual misconduct, gross sexual assault, sexual abuse, incest and chronic abuse including the production of child pornography," all involving D.P. The mother timely appealed pursuant to 22 M.R.S. § 4006 (2012).[2]

## II. DISCUSSION

[¶6] The mother contends that (A) 22 M.R.S. § 4052(1) permits her to petition to terminate her own parental rights and avoid a full jeopardy hearing. In the alternative, she asserts that (B) the lack of such statutory authority violates the United States Constitution. "We review issues of statutory and constitutional interpretation de novo." *Carrier v. Sec'y of State*, 2012 ME 142, ¶ 12, --- A.3d ---.

---

[1] The court incorporated the finding of abandonment into its written order after it granted the Department's motion, pursuant to M.R. Civ. P. 60(a), to correct the jeopardy order to include a finding of abandonment.

[2] Pending this appeal, the court stayed proceedings on the Department's petition to terminate the mother's parental rights. *See* M.R. App. P. 3(b).

4

A.      Statutory Analysis

[¶7]   In a child protection proceeding, "[a] termination petition may be brought by the custodian of the child or by the [D]epartment." 22 M.R.S. § 4052(1). A "custodian" is "the person who has legal custody and power over the person of a child." *Id.* § 4002(5) (2012). Thus, the plain language of section 4052(1) does not authorize a noncustodial parent to petition to terminate his or her own parental rights through a child protection proceeding.

[¶8]  The mother contends that the use of "may" in section 4052(1) indicates that the statute does not limit petitioners to the child's custodian and the Department. However, her construction would render meaningless the statute's inclusion of the specific parties who may file a petition. *See Carrier*, 2012 ME 142, ¶ 12, --- A.3d --- (observing that we construe a statute by "attempting to give all of its words meaning").

[¶9]   Accordingly, the court did not err in concluding that section 4052(1) does not authorize the mother, as a noncustodial parent who is subject to a child protection proceeding, to petition to terminate her own parental rights.[3]  *See*

---

[3]  We are not persuaded by the mother's argument that permitting her to petition to terminate her own parental rights would promote the statutory purpose of permanency found in 22 M.R.S. § 4050 (2012). Section 4050 sets forth multiple and sometimes-competing purposes. Those purposes inform our construction and application of the statute, but they do not permit us to disregard the plain meaning and unambiguous requirements of 22 M.R.S. § 4052(1) (2012). Although the mother may have wished to avoid a hearing that would consider her sexual abuse of D.P., the Department, as the moving party, had the right to present relevant evidence, and evidence of sexual abuse was relevant to jeopardy and as an

22 M.R.S. § 4052(1); *Carrier*, 2012 ME 142, ¶ 12, --- A.3d ---.  We therefore turn to the mother's constitutional arguments.

B.      Constitutional Analysis

[¶10]  The mother contends that if section 4052(1) does not permit her to petition to terminate her own parental rights and avoid a full jeopardy hearing, the statute violates her constitutionally protected rights to due process and equal protection of the law.[4]  We address each issue in turn.

1.      Due Process

[¶11]  The due process protections of the Fourteenth Amendment prohibit a state from infringing upon a person's "fundamental rights or liberties" unless "the infringement [is] narrowly tailored to serve a compelling government interest." *In re Richard G.*, 2001 ME 78, ¶ 7, 770 A.2d 625 (quotation marks omitted); *see also* U.S. Const. amend. XIV, § 1.  Where state action does not implicate fundamental rights, we review the validity of a statute "for a rational basis, which requires that (1) the police powers be exercised to provide for the public welfare; (2) the legislative means employed be appropriate to achieve the ends sought; and

---

aggravating factor permitting the Department to cease reunification.  *See* 22 M.R.S. §§ 4002(1-B)(A)(1), 4002(6), 4035(2), 4041(2)(A-2)(1) (2012); M.R. Evid. 401, 402.

[4]  The mother does not assert due process or equal protection rights under the Maine Constitution.  *See* Me. Const. art. 1, § 6-A.  Regardless, the protections afforded by due process and equal protection under the United States and Maine constitutions are coextensive.  *See Conlogue v. Conlogue*, 2006 ME 12, ¶ 6, 890 A.2d 691.

(3) the manner of exercising the power not be unduly arbitrary or capricious." *State v. Dee*, 2012 ME 26, ¶ 3, 39 A.3d 42 (per curiam) (quotation marks omitted). Moreover, the party contesting a statute's constitutionality "bears the burden of proving a constitutional deficiency and must establish the complete absence of any state of facts that would support the need for [the statute's] enactment." *MacImage of Maine, LLC v. Androscoggin Cnty.*, 2012 ME 44, ¶ 30, 40 A.3d 975 (alteration in original) (quotation marks omitted).

[¶12]  Contrary to the mother's contentions, neither the Supreme Court of the United States nor this Court has ever recognized that a parent has a fundamental right to abdicate all parental responsibilities.  *Cf. Troxel v. Granville*, 530 U.S. 57, 66 (2000) (plurality opinion) (recognizing "the fundamental right of parents to make decisions concerning the care, custody, and control of their children"); *In re A.M.*, 2012 ME 118, ¶ 16, 55 A.3d 463 ("[A] parent of a child has a fundamental right to parent that child and to maintain a parental relationship free from state interference" (alteration in original) (quotation marks omitted)).  We see no persuasive reason to recognize such a right in the circumstances of this case. Accordingly, we review the validity of section 4052(1) for a rational basis.  *See Dee*, 2012 ME 26, ¶ 3, 39 A.3d 42.

[¶13]  Section 4052(1) survives rational basis review because the Legislature's decision not to permit a noncustodial parent to petition to terminate

his or her own rights and choose the grounds for jeopardy preserves the integrity of the child protection process. The core purpose of that process is to protect children. *See* 22 M.R.S. § 4003 (2012) (recognizing that "the health and safety of children must be of paramount concern and that the right to family integrity is limited by the right of children to be protected from abuse and neglect"); *Richard G.*, 2001 ME 78, ¶ 12, 770 A.2d 625 (recognizing the state's interest in the well-being of children). That purpose would be undermined if a parent could, in effect, cabin a court's consideration of the reasons a child is in need of protection. *Cf.* 22 M.R.S. § 4035(1), (2) (stating that the court "shall" hold a jeopardy hearing to determine "whether the child is in circumstances of jeopardy to the child's health or welfare").[5]

[¶14] Specifically, preventing a noncustodial parent from unilaterally limiting the grounds for jeopardy enables the court to conclusively determine all of the circumstances giving rise to jeopardy. This permits the court, the Department, and the person or persons who ultimately assume responsibility for parenting the child, to account for and fully address those circumstances in a manner that

---

[5] Indeed, to hold otherwise would potentially permit parents subject to a child protection proceeding to unilaterally negate a host of well-established responsibilities. *See, e.g.*, 17-A M.R.S. § 553 (2012) (making it a Class D crime for a parent to abandon a child under fourteen, and a Class C crime to abandon a child under six, but providing an affirmative defense when the child is delivered to certain persons within the first thirty days of birth); 22 M.R.S. §§ 4002(7), 4036(1)(G) (2012) (providing the court with the authority to order either parent to pay child support, but not permitting a court to order child support of a person whose parental rights have been terminated); *LaBier v. Pelletier*, 665 A.2d 1013, 1016 (Me. 1995) (observing that "[t]he common law imposes a duty on parents to support their children").

8

protects the child from harm and advances the child's best interest. *See id.* § 4036 (2012) (authorizing the court making the jeopardy determination to address the circumstances resulting in jeopardy by ordering, among other things, a change in custody, treatment services for the child and parents, and parental child support payments); *Richard G.*, 2001 ME 78, ¶ 12, 770 A.2d 625. A determination of all of the reasons for jeopardy may also lend protection for other children by documenting any aggravating factors pursuant to 22 M.R.S. § 4002(1-B) (2012) that justify application of the rebuttable presumption of parental unfitness as to other children. *See* 22 M.R.S. § 4055(1), (1-A) (2012).

[¶15] As such, section 4052(1) provides for the public welfare, employs appropriate means to achieve the ends sought, and is neither arbitrary nor capricious. There has been no due process violation here. *See Dee*, 2012 ME 26, ¶ 3, 39 A.3d 42; *MacImage of Maine*, 2012 ME 44, ¶ 30, 40 A.3d 975.

2.    Equal Protection

[¶16] "[I]n an equal protection challenge where . . . the challenging party is not a member of a suspect class, a party challenging a statute must show (1) that similarly situated persons are not treated equally under the law, and (2) that the statute is not rationally related to a legitimate state interest." *MacImage of Maine*, 2012 ME 44, ¶ 33, 40 A.3d 975 (quotation marks omitted); *see also* U.S. Const. amend. XIV, § 1. A statute subject to rational basis review on equal protection

grounds is unconstitutional only if the discrimination it permits is "arbitrary, unreasonable or irrational." *MacImage of Maine*, 2012 ME 44, ¶ 33, 40 A.3d 975 (quotation marks omitted). The mother argues that because the adoption statute, 18-A M.R.S. §§ 9-101 to -404 (2012), permits a parent to "surrender and release all parental rights" upon the filing of a petition for adoption, *see id.* § 9-202(a)(1),[6]

---

[6] Title 18-A M.R.S. § 9-202 (2012) provides:

**(a)** With the approval of the judge of probate of any county within the State and after a determination by the judge that a surrender and release or a consent is in the best interest of the child, the parents or surviving parent of a child may at any time after the child's birth:

**(1)** Surrender and release all parental rights to the child and the custody and control of the child to a licensed child-placing agency or the department to enable the licensed child-placing agency or the department to have the child adopted by a suitable person; or

**(2)** Consent to have the child adopted by a specified petitioner.

The parents or the surviving parent must execute the surrender and release or the consent in the presence of the judge. The adoptee, if 14 years of age or older, must execute the consent in the presence of the judge. The waiver of notice by the legal father who is not the biological father or putative father is governed by section 9-201, subsection (c).

**(b)** The court may approve a consent or a surrender and release only if the following conditions are met.

**(1)** A licensed child-placing agency or the department certifies to the court that counseling was provided or was offered and refused. This requirement does not apply if:

**(i)** One of the petitioners is a blood relative; or

**(ii)** The adoptee is an adult.

**(2)** The court has explained the individual's parental rights and responsibilities, the effects of the consent or the surrender and release, that in all but specific situations the individual has the right to revoke the consent or surrender and release within 3 days and the existence of the adoption registry and the services available under Title 22, section 2706-A. The individual does not have the right

the child protection statute denies her equal protection of the law by not permitting her to petition to terminate her parental rights and avoid a jeopardy hearing.

[¶17] Contrary to the mother's assertions, she has not established either prong of the equal protection analysis. First, the mother is not similarly situated to a parent who surrenders and releases all parental rights in an adoption proceeding. The mother faces allegations that she placed her child at risk of harm in a proceeding brought by the State, *see* 22 M.R.S. §§ 4032, 4034 (2012), whereas a parent seeking to surrender and release parental rights in an adoption proceeding faces no such allegations and the State is not the party bringing the action, *see* 18-A M.R.S. §§ 9-202, -301, -303. Moreover, the Legislature's decision not to permit a noncustodial parent who is subject to a child protection proceeding to

---

to revoke the consent when the individual is a consenting party and also a petitioner.

**(3)** The court determines that the consent or the surrender and release has been duly executed and was given freely after the parent was informed of the parent's rights.

**(4)** Except when a consenting party is also a petitioner, at least 3 days have elapsed since the parents or parent executed the surrender and release or the consent and the parents or parent did not withdraw or revoke the consent or surrender and release before the judge or, if the judge was not available, before the register.

. . . .

**(f)** Except as provided in subsection (g) and section 9-205, subsection (b), a consent or a surrender and release is final and irrevocable when duly executed.

**(g)** A consent is final only for the adoption consented to, and, if that adoption petition is withdrawn or dismissed or if the adoption is not finalized within 18 months of the execution of the consent, a review must be held pursuant to section 9-205.

petition to terminate his or her parental rights and choose the grounds for jeopardy is rationally related to a legitimate state interest. As we have already stated, that interest is in determining all of the circumstances giving rise to jeopardy to comprehensively protect the child's well-being moving forward. *See Richard G.*, 2001 ME 78, ¶ 12, 770 A.2d 625. As such, the mother has not been denied equal protection of the law. *See MacImage of Maine*, 2012 ME 44, ¶ 33, 40 A.3d 975.

[¶18]  The court did not err in holding the jeopardy hearing despite the mother's desire to terminate her parental rights on grounds of her own choosing.

The entry is:

> Judgment affirmed.

---

**On the briefs:**

Carolyn Adams, Esq., Waterville, for appellant mother

William J. Schneider, Attorney General, and Nora Sosnoff, Asst. Atty. Gen., Office of the Attorney General, Augusta, for appellee Department of Health and Human Services