MAINE SUPREME JUDICIAL COURT                          Reporter of Decisions
Decision:      2014 ME 106
Docket:        Cum-13-496
Submitted
 On Briefs:    May 29, 2014
Decided:       August 14, 2014

Panel:         SAUFLEY, C.J., and ALEXANDER, SILVER, GORMAN, and JABAR, JJ.

MICHAEL J. DEE

v.

STATE OF MAINE

PER CURIAM

[¶1]  Michael J. Dee appeals from a judgment entered in the Superior Court (Cumberland County, *Wheeler, J.*) dismissing with prejudice his complaint for a judgment declaring that provisions in several Maine marijuana statutes— 22 M.R.S. § 2383(1) (2013) (possession of marijuana), 17-A M.R.S. § 1117(1) (2013) (cultivating marijuana), and 17-A M.R.S. § 1106(1-A) (2013) (unlawfully furnishing scheduled drugs)—are unconstitutional, both facially and as applied to him.  Specifically, he contends that the statutes violate the Fourth and Fourteenth Amendments of the United States Constitution.  *See* U.S. Const. amends. IV, XIV, § 1.  The court found that several Maine courts have already considered and rejected Dee's arguments, and determined that the suit was frivolous.  We agree and affirm the judgment.

2

[¶2]   Since 1983, Dee has repeatedly and unsuccessfully challenged the constitutionality of marijuana prohibitions in state and federal courts in Maine and elsewhere.[1]   *See State v. Dee*, 2012 ME 26*, ¶* 2 n.1, 39 A.3d 42 (per curiam) (listing cases), *cert. denied*, --- U.S. ---, 183 L. Ed. 2d 641, *reh'g denied*, --- U.S. ---, 183 L. Ed. 2d 723; *Dee v. State*, 2007 WL 4698274 (Me. Super. June 25, 2007) (compiling the history of Dee's marijuana litigation in state and federal courts in Maine), *aff'd*, Mem-07-208 (Dec. 13, 2007); *Dee v. Laramie Cnty.*, 666 P.2d 957 (Wyo. 1983) (dismissing for lack of subject matter jurisdiction), *overruled by Brown v. City of Casper*, 248 P.3d 1136 (Wyo. 2011).   In multiple instances, Maine courts have considered and rejected Dee's arguments that marijuana laws violated his fundamental rights to property and liberty, his right to due process, his right to be free from unreasonable searches and seizures, and his purported

---

[1]   In some of these actions, Dee challenged marijuana laws in response to the State's actions in prosecuting him for possession of marijuana.   *See, e.g.*, *State v. Dee,* 2012 ME 26, 39 A.3d 42, *cert. denied*, ---U.S. ---, 183 L. Ed. 2d 641, *reh'g denied*, ---U.S. ---, 183 L. Ed. 2d 723; *Dee v. State*, 2001 WL 1715844 (Me. Super. Jan. 24, 2001), *aff'd*, Mem–01–59 (June 26, 2001)*.*   In other cases, Dee filed, or sought to file, affirmative actions against the State urging courts to invalidate marijuana laws. *Dee v. United States*, 2009 WL 1149903 (D. Me. Apr. 28, 2009) (Kravchuk, Mag.); *Dee v. United States*, 241 F. Supp. 2d 50 (D. Me. 2003); *Dee v. United States*, Civ. No. 98-CV-37-P-H (D. Me. May 26, 1998); *Citizens for Restoration of Constitutional Rights v. Reno*, Civ. No. 97-CV-229-P-H (D. Me. Aug. 11, 1997); *Dee v. Me. Att'y Gen.*, Civ. No. 96-CV-274-B (D. Me. Feb. 25, 1997); *Dee v. Reno*, Civ. No. 95-29-P-H (D. Me. Sept. 11, 1995), *aff'd*, 82 F.3d 403 (1st Cir.) (unpublished table decision), *cert. denied*, 519 U.S. 873, *reh'g denied*, 519 U.S. 1001 (1996); *Dee v. State*, 2007 WL 4698274 (Me. Super. June 25, 2007), *aff'd*, Mem-07-208 (Dec. 13, 2007), *cert. denied*, 555 U.S. 823 (2008); *Dee v. State*, 2001 WL 1708834 (Me. Super. Apr. 12, 2001), *aff'd*, Mem-02-1 (Jan. 16, 2002); *Dee v. State*, CUMSC-CV-99-690 (Me. Super. Ct., Cum. Cnty. Apr. 25, 2000), *aff'd*, Mem-00-132 (Oct. 27, 2000); *Dee v. Att'y Gen.*, CUMSC-CV-97-763 (Me. Super. Ct., Cum. Cnty. July 6, 1998), *aff'd*, Mem-99-59 (Apr. 30, 1999); *Dee v. State*, 177 P.3d 218 (Wyo. 2008), *reh'g denied*, 177 P.3d 218 (Mar. 11, 2008), *cert. denied*, 555 U.S. 824; *Dee v. Laramie Cnty.*, 666 P.2d 957 (Wyo. 1983) (dismissing for lack of subject matter jurisdiction), *overruled by Brown v. City of Casper*, 248 P.3d 1136 (Wyo. 2011).

fundamental right to possess marijuana. *See, e.g.*, *Dee*, 2012 ME 26, ¶¶ 2-4, 39 A.3d 42; *Dee,* 2007 WL 4698274; *Dee v. State*, 2001 WL 1715844 (Me. Super. Jan. 24, 2001), *aff'd*, Mem-01-59 (June 26, 2001). The constitutional issues raised by Dee in the case now on appeal are identical to issues that were determined in these judgments.

[¶3] Notwithstanding Maine courts' repeated determinations that Dee's claims have no legal merit and that the Legislature, not the judiciary, is the proper forum to address this issue, Dee has continued to bring duplicative actions for declaratory judgment. *See, e.g.*, *Dee*, 2007 WL 4698274 ("Dee's only recourse in his quest to change the marijuana laws is to present his cause before the legislature."); *Dee v. State*, 2001 WL 1708834 (Me. Super. Apr. 12, 2001) (entering judgment on the pleadings against Dee's suit based on collateral estoppel), *aff'd*, Mem-02-1 (Jan. 16, 2002). In 2007, the Superior Court enjoined Dee "from filing further lawsuits in Maine courts to challenge the constitutionality of the State's civil and criminal marijuana laws without prior approval from the court." *Dee*, 2007 WL 4698274. Ignoring this injunction, Dee did not request the court's permission to file the present case until almost a month after his complaint was docketed. In light of the frivolous and duplicative nature of the suit and Dee's failure to seek permission before commencing the action, the court acted well within its discretion in rejecting Dee's request for approval to file suit and granting

the State's motion to dismiss his petition with prejudice. *See* M.R. Civ. P. 41(b)(2).

The entry is:

Judgment affirmed.

---

**On the briefs:**

Michael J. Dee, Pro se appellant

Janet T. Mills, Attorney General, and William R. Fisher, Asst. Atty. Gen., Office of the Attorney General, August, for appellee State of Maine

Cumberland County Superior Court docket number CV-2013-289
FOR CLERK REFERECE ONLY